UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| G.W., et al., | ) | |
| Plaintiff(s), | ) | No. C05-04124 BZ |
| v. | ) | **ORDER GRANTING JUDGMENT FOR DEFENDANTS** |
| New Haven Unified School District, et al., | ) | |
| Defendant(s). | ) | |

At plaintiffs' request, a hearing officer at the McGeorge School of Law Special Education Hearing Office ("SEHO") held an administrative due process hearing under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401, et seq. The hearing was held from May 31 to June 8, 2005, and the hearing officer reached a decision adverse to plaintiffs on August 1, 2005. California Education Code § 56043(q) requires decisions to be reached in such matters within 45 days from the time a hearing is requested, but in this case the decision was about 40 days late.

Plaintiffs claim that the delay in the hearing officer's reaching a decision caused them "significant harm," and that defendant SEHO is responsible for that harm. Complaint ¶ 29.

1

1   Plaintiffs also accuse SEHO of erring in deciding in favor of
2   the New Haven Unified School District (the "District").
3   Plaintiffs wish to hold the California Department of Education
4   ("CDE") responsible for both the delay and this alleged error
5   on the grounds that since it selected SEHO to provide
6   hearings, it is responsible for its actions.  Plaintiffs have
7   cited no support for this theory of "vicarious" liability.
8   Without deciding whether SEHO or the CDE can be held liable
9   for an erroneous decision, a theory which seems dubious, since
10  I have already ruled that the hearing officer did not err in
11  reaching her decision, I rule in favor of SEHO and the CDE on
12  this claim.
13       Nor have plaintiffs cited any authority for the
14  proposition that the hearing office or the state can be sued
15  for the delay in producing a decision.  There is no dispute
16  that the decision was late in violation of the IDEA.  The real
17  question is what the remedy, if any, should be.  While
18  plaintiffs ask for a reversal or remand, plaintiffs have cited
19  no authority for such relief and neither seems appropriate.
20  It seems contrary to the IDEA and the best interests of the
21  child to vacate or overturn a correct decision simply because
22  the hearing officer was 40 days late in reaching it.
23  Plaintiffs have cited to <u>W.G. v. Board of Trustees of Target</u>
24  <u>Range School District No. 23, Missoula, Montana</u>, 960 F.2d
25  1479, 1484 (9th Cir. 1992), which holds that procedural
26  irregularities in the IDEA process which harm the student,
27  such as by denying him an educational opportunity, could
28  amount to the denial of a Free Appropriate Public Education

("FAPE"). Applying that rule to a case involving a delay suggests that there should not be a reversal or remand unless plaintiffs can demonstrate that the delay somehow harmed the child's education. Nothing in the record supports such a finding and plaintiffs' counsel could not articulate any harm to the child which resulted from the delay when questioned at the hearing. Since the hearing officer reached the correct decision, the court cannot see any way in which the child could have been harmed by the 40 day delay. The fact that the child was not attending school during that period was not a consequence of the hearing officer's delay but of the mother's decision to home school the child. Defendants cannot be held liable because there was no harm arising out of the delay, and the delay therefore does not constitute reversible error.

Accordingly, **IT IS HEREBY ORDERED** that judgment in favor of defendants CDE and SEHO is **GRANTED**, and plaintiffs' complaint against them is dismissed.

Dated: August 4, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\G.W\GrantDefsSumJudgment.2.wpd